**Fujimoto v. Pa. National Mutual Cas. Ins. Co.**

*William J. Schaaf,* for plaintiff.

*Wallace J. Knox,* for Pa. National Mutual Casualty Insurance Co.

*John G. Gent,* for Federation Insurance Co. of Canada.

NYGAARD, *J.,* March 23, 1983 — This case arises from a one car motor vehicle accident in Pennsylvania, in which plaintiff, a citizen and resident of the Province of Ontario, Canada, was injured while riding as a passenger in an automobile owned and operated by a Pennsylvania citizen and resident. The owner and operator of the vehicle was covered by an insurance policy issued by Pennsylvania National Mutual Casualty Insurance Company.

This policy was issued in Pennsylvania and complied fully with the provisions of the Pa. No-fault Act.

A policy of insurance had been issued to plaintiff in Ontario, Canada by Federation Insurance Company of Canada. This policy was delivered to plaintiff in Ontario, and covered a 1978 Dodge vehicle licensed and registered in that province. This vehicle was not involved in the accident in which plaintiff was injured.

Plaintiff's medical bills are in excess of $16,000 and have not been paid, although the accident occurred in 1978. He does not particularly care which of the defendants pays, but thinks it is about time one of them does so. The insurers do not dispute that plaintiff is entitled to benefits, but each points a finger at the other as being responsible. Everyone has moved for summary judgment. The issues between the parties are questions of law involving interpretation of the Pa. No-fault Act, 40 P.S. § 1009.101 et seq.

Plaintiff and both defendants take the position, with which the court agrees, that under either the "contacts" test set forth in Griffith v. United Airlines, Inc., 416 Pa 1, 203 A.2d 796 (1964), or the No-fault Act itself, 40 P.S. §§ 1009.110(c), 201(a), Pennsylvania law must be applied to determine what benefits the plaintiff is entitled to and which of the defendants must pay them.

The No-fault Act provides, in § 1009.204, "Source of basic restoration benefits," that:

The security for the payment of basic loss benefits applicable to an injury to: . . .

(2) an insured is the security under which the victim or deceased victim is insured;

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is

not an insured is the security covering such vehicle; . . . 40 P.S. §1009.204. An "insured" is "an individual identified by name as an insured in a contract of basic loss insurance complying with this act." 40 P.S. §1009.103. If follows that whether Federation or Pa. National must pay the plaintiff depends on whether he is an "insured." This in turn is determined by whether the Ontario Limited Accident Insurance Act, which governs the terms and benefits of the Federation policy issued to the plaintiff, is a contract of basic loss insurance within the meaning of the above definition of "insured."

"Basic loss insurance" is equivalent to "No-fault insurance." 40 P.S. §1009.103. The Commonwealth Insurance Department, in its regulations, has set out three requirements which a state insurance plan must meet in order to be considered a no-fault plan under Pennsylvania law:

A "state no-fault plan" is defined to be a plan which contains the following elements: (i) compulsory or mandatory automobile insurance, (ii) first party benefits, and (iii) a restriction on the right to bring action for noneconomic detriment, or a relevant change in the evidentiary rules of practice and proof with respect to these actions. 31 Pa. Code §66.41(b)(2). This regulation was established to determine which insurance plans are no-fault plans for the purpose of determining whether an out-of-state accident victim will receive the benefits provided by the insurance law of his or her home state, or those available under Pennsylvania law, and does not directly pertain to the issue in this case, which is whether the Pennsylvania or the foreign insurer must pay the benefits in the first place. However, it is the only statement by either the legislature or the insurance department on the criteria another state's insurance plan must meet in order to be considered

equivalent to the Pennsylvania Act, and can reasonably be applied to the Ontario insurance plan in the situation presented here.

So doing, the court finds that this plan does not qualify as a "state no-fault plan" because it does not contain a restriction on the victim's right to bring an action to recover non-economic detriment. The relevant section states:

Where a claimant is entitled to the benefit of insurance as provided in Schedule E this, to the extent of payments made or available to the claimant thereunder, constitutes a release by the claimant of any claim against the person liable to the claimant or his insurer.

Ontario Limited Accident Insurance Act, §237(2), R.S.O. 1971, c.84, s. 17. This prevents a claimant from recovering only those benefits which he or she has a clear, unqualified right to receive from the insurer,[1] and in any case, those benefits do not include compensation for non-economic loss.

Since the Ontario insurance plan is not a no-fault plan under the Pennsylvania Act, plaintiff is not an insured for the purposes of determining the applicable security under 40 P.S. §1009.204, supra. The security for the payment of basic loss benefits for his injuries is therefore the security covering the vehicle involved in the accident, which is that provided by Pennsylvania National. 40 P.S. §1009.204(a)(3).

The basic loss benefits to which the plaintiff is entitled are those provided by the Pennsylvania No-fault Act. P.S. §1009.110(c); 31 Pa. Code §66.41(b).

Pennsylvania National argues that Federation is an "obligor," as that term is defined in the No-fault Act, relying on Yoder v. Dressler, 505 FS 111 (M.D.

---

1 See Stante v. Boudreau, (1981) 29 O.R.2 1; Brown v. Bouwkamp, (1976), 12 O.R.2 33.

Pa. 1981), which held that a Delaware insurer which paid Pennsylvania no-fault benefits to a Delaware resident injured in a Pennsylvania accident was an obligor under the Pennsylvania Act and therefore not entitled to subrogation under 40 P.S. §1009.111 against the Pennsylvania insurer involved.

"Obligor" is defined in 40 P.S. §1009.103 as "an insurer . . . providing no-fault benefits in accordance with this act." Section 111 of the Act abolishes subrogation by obligors who have paid benefits. Subrogation is not the issue here, however. The question, again, is who will supply plaintiff's benefits to begin with. In Yoder, the Delaware insurer had paid (provided) Pennsylvania benefits to the insured and was therefore an obligor unable to bring subrogation claims. In this case, the plaintiff has been paid nothing. Neither of the defendants is in the position of having provided Pennsylvania no-fault benefits to a victim, so neither fits the above definition of "obligor." It should also be noted that the term "obligor" is not used in section 204 of the No-fault Act, which determines the applicable insurance and thus the responsible insurer.

Yoder is distinguishable from the present case, and does not relieve Pennsylvania National of its responsibility under the No-fault Act to pay the plaintiff's medical expenses.

An additional issue has been raised by the defendants in regard to the benefits which must be paid to the plaintiff: it is whether payments made to him by the Ontario Health Insurance Plan, or OHIP, are "government" benefits which must be deducted from loss is calculating net loss under 40 P.S. §1009.206. "Government" is defined in the No-fault Act as follows:

"Government" means the government of the United States, any state, any political subdivision of a state, any instrumentality of two or more states, or any agency, subdivision, or department of any such government, including any corporation or other association organized by a government for the execution of a government program and subject to control by a government, or any corporation or agency established under an interstate compact or international treaty.

40 P.S. §1009.103. The OHIP does not fit within this definition of "government," and the benefits it provides to the plaintiff need not be deducted when calculating his net loss.

Plaintiff's claim for attorney's fees is denied. Hayes v. Erie Insurance Exchange, 493 Pa. 150, 425 A.2d 419 (1981); 40 P.S. §1009.107(3). Defendants' arguments are reasonable, though incorrect.

Due to the disposition of this case, other issues raised by the defendants need not be considered.[2]

## ORDER

And now, this March 23, 1983, it is ordered that:

1. Plaintiff's motion for summary judgment is granted against defendant Pennsylvania National Mutual Casualty Insurance Company, and denied as to defendant Federation Insurance Company of Canada.

2. Pennsylvania National's motion for summary judgment is denied as to plaintiff and Federation.

---

2. Specifically, the court does not decide whether OHIP may bring a subrogation claim against Pa. National. OHIP is not a party to this proceeding, nor has it filed such a claim in this court.

3. Federation's motion for summary judgment is granted against plaintiff and Pennsylvania National.

4. Benefits paid to plaintiff by OHIP are not government benefits and should not be deducted when calculating his net loss.

5. Plaintiff's motion for attorney's fees is denied.